UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7208 CV (MBK) | Date | April 23, 2025 |
|---|---|---|---|
| Title | Giron v. Rey, et al. | | |

| Present: The Honorable | Michael B. Kaufman | |
|---|---|---|
| James Muñoz | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:**   ORDER TO SHOW CAUSE RE: DISMISSAL

   This is a civil rights action. Plaintiff, a self-represented litigant, alleges that her civil rights were violated when Defendant Rey, an officer of the Los Angeles Police Department ("LAPD"), ordered the destruction and towing of her specially constructed vehicle in collaboration with other, unnamed individuals. (Dkt. 1 at 6.) The District Judge previously assigned to this case granted Plaintiff leave to proceed in forma pauperis without prepayment of the Court's filing fee. (Dkt. 7.)

   Pursuant to 28 U.S.C. § 1915(e)(2), the Court preliminarily screened the Complaint to determine whether the claims are pled with adequate specificity, are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek damages from defendants who are immune. The Court issued an order dismissing the Complaint with leave to amend. (Dkt. 15.) The Court's order directed Plaintiff to file her First Amended Complaint or, in the alternative, voluntarily dismiss the action by or before April 18. (*Id.*)  To date, Plaintiff has not filed a First Amended Complaint or a statement of voluntary dismissal.

   Plaintiff is **ORDERED** to show cause why the action should not be dismissed for failure to prosecute and obey Court orders. Plaintiff's (1) response to this OSC and (2) First Amended Complaint or statement of voluntary dismissal will be due by **May 23, 2025.**

   **Failure to comply with the terms of this order may result in a recommendation that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Proc. 41(b).**  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884 (9th Cir. 2019).